This case presents a question never agitated before in this country, so far as I know. In England it could not arise, owing to circumstances peculiar to this country. The charge made by the defendant is that the plaintiff had caused his (the plaintiff's) negro to steal the defendant's gun. The defendant, after having the benefit of showing that such were the reports in the neighborhood, by way of mitigation of damages, offered in evidence a record of the conviction of the negro slave for stealing the gun, and notice to the plaintiff, his master, to appear and defend him, and offered to show that he did appear and assist in his defense. This was rejected by the judge, on the ground that, if received, it could only go in mitigation of damages; and that he had already had the benefit of it, through the medium of the report.
I am disposed to concur with the judge, but not for the reasons given by him; for non constat, the evidence offered, that the negro stole his gun, was believed. The defendant (12) might wish to show that the report was true in part, to wit, that the negro did steal the gun, and thereby strengthen the whole report by showing that part of it was true; and if admissible at all, it might be received to prove a part of his justification, and the residue, to wit, that the plaintiff caused the negro to steal the gun, he might prove by other testimony. I am disposed to think the law is so, although ruled otherwise by Judge Chase on the trial ofCallender. But, putting this out of the case, and the point, which might be raised, that it was res inter alios acta, I am inclined to think that it is inadmissible, because the conviction of the slave might have arisen from evidence wholly incompetent against the master, a free white man. If it should be admissible, it is making that evidence indirectly which is not so directly, to wit, the testimony of negroes and mulattoes within the fourth degree. I am inclined to think, therefore, that the record ought not to have been received. *Page 9 
Should it be asked, If this record is inadmissible to prove the guilt of the negro, what is to be done with accessorial offenses of white persons in such cases? it is answered, that if the record of the conviction is a sine qua non to the conviction of the principal, the record must be received. It is the best which the State can do; but independently of it, full proof of the principal fact must be made, and practice must yield to principle, for the conviction of the principal is not essential to the guilt of the accessory. The accessory may be guilty, although the principal is acquitted. The conviction of the principal is required as a shield for the accessory, upon the principle that he who is charged with a crime can best defend the charge, either by opposing proofs or matter of justification; and with that view, originally, I think it was introduced, for unquestionably it is res inter alios acta; but, in time, it became primafacie evidence of the principal's guilt. If something of this sort is not done, no white person will be convicted of an accessorial crime where a negro, mulatto, or Indian ( 13 ) is the principal; for the court, when the record is offered, cannot inquire into the evidence upon which the conviction was founded, and admit such records where the evidence was such as is admissible against a white man, and reject them where it was not.
TAYLOR, C. J., concurred.
Approved: McCurry v. McCurry, 82 N.C. 296; Sowers v. Sowers, 87 N.C. 303;Knott v. Burwell, 96 N.C. 272; S. v. Hinson, 103 N.C. 374.